IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANIEL BOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-00417-DGK ) |
| LOWE'S COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO AMEND THE COMPLAINT AND
TO REMAND THE CASE TO STATE COURT**

This is an employment discrimination case. Plaintiff Daniel Boyd worked for Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC ("Lowes Defendants") as a delivery driver. Plaintiff alleges that the Lowes Defendants took adverse employment actions against him due to his religion, age, and disability. Plaintiff filed an eight-count lawsuit against them in the Circuit Court of Jackson County, Missouri, asserting claims under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055, *et seq.*, and the Missouri Service Letter Law, Mo. Rev. Stat. § 290.140. The Lowes Defendants removed on diversity grounds. ECF No. 1.

Now before the Court is Plaintiff's motion to amend his complaint and remand to state court. ECF No. 15. Because Plaintiff seeks to add three nondiverse defendants to defeat this Court's jurisdiction, and because the remaining amendments are futile, dilatory, and/or made in bad faith, the Court DENIES Plaintiff's motion.

**Background**

On May 5, 2021, Plaintiff filed the instant case in the Circuit Court of Jackson County, Missouri against the Lowes Defendants. The complaint raises eight claims, including various

MHRA religion-based claims (Counts I-IV), an MHRA disability discrimination claim (Count V), an MHRA age discrimination claim (Count VI), an MHRA retaliation claim (Count VII), and a Missouri Service Letter Law violation claim (Count VIII). Although the complaint does not name them as defendants, much of it concerns Plaintiff's treatment by fellow Lowes employees Breann McGilvra-Rogers, Audrey Kohler, Ray Epps, and a man named "Ed." In sum, the complaint alleges that Lowes—acting through these employees—discriminated and retaliated against Plaintiff due to his religion, age, disability, and complaints of discrimination. On June 16, 2021, the Lowes Defendants removed to this Court based on complete diversity of citizenship. The Lowes Defendants are North Carolina citizens, while Plaintiff is a Missouri citizen. Plaintiff did not immediately file a motion to remand.

On August 30, 2021, Plaintiff filed a second case against the Lowes Defendants in the Circuit Court of Jackson County, Missouri ("State Court Case"). That complaint also asserted claims against the four Lowes employees mentioned in the operative complaint here, including Breann McGilvra-Rogers, Audrey Kohler, Ray Epps, and Edwin Rathburn. McGilvra-Rogers, Epps, and Rathburn are citizens of Missouri, while Kohler is a citizen of Kansas. That complaint asserted three claims against all the defendants: (1) a Missouri Workers' Compensation Law retaliation claim; (2) a Missouri common law defamation claim; and (3) a Missouri common law invasion of privacy claim. The allegations between that complaint and the operative complaint here overlap significantly, but they are not identical.

On August 31, 2021, Plaintiff filed the instant motion seeking to amend and remand. Plaintiff's proposed amended complaint asserts eleven counts against the Lowes Defendants as well as putative defendants Breann McGilvra-Rogers, Audrey Kohler, Ray Epps, and Edwin

2

Rathburn. The amended complaint appears to add McGilvra-Rogers, Kohler, Epps, and Rathburn as defendants under the previously pled MHRA claims (Counts I-VI)[1] and adds McGilvra-Rogers as a defendant to the Missouri Service Letter Law claims (Count VIII). The proposed amended complaint also adds the claims against all the defendants that were filed the day before in the State Court Case, including: (1) a Missouri Workers' Compensation Law retaliation claim (Count IX); (2) a Missouri common law defamation claim (Count X); and (3) a Missouri common law invasion of privacy claim (Count XI). The proposed amended complaint is essentially an amalgamation of the operative complaint in this case and the complaint from the State Court Case.

On October 18, 2021, in the State Court Case, Plaintiff amended his complaint by dropping his Workers' Compensation Law retaliation claim against McGilvra-Rogers, Kohler, Epps, and Rathburn. On November 18, 2021, those defendants as well as the Lowes Defendants moved to dismiss the defamation and false light claims. The state court granted the motion. That ruling dismissed the entire case against the individual defendants and left the workers' compensation retaliation claim against the Lowes Defendants as the only pending claim in the State Court Case.

## Standard

Since the Lowes Defendants have answered and have not consented to the amendment, Plaintiff must have the Court's leave to amend his complaint. Fed. R. Civ. P. 15(a)(2). Under the liberal amendment standard, the Court "should freely give leave when justice so requires." *Id.* That standard is not without limits, however: leave to amend may be denied when the movant is "guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly

---

[1] The proposed amended complaint adds these four employees as Defendants and then, in the sections listing the counts for the MHRA claims (Counts I-VII), the amended complaint says, "Against All Defendants." So whether he intended to or not, Plaintiff appears to be seeking to add the new defendants to the previously pled MHRA claims.

3

prejudice the opposing party." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009) (internal quotation marks omitted). The Court may also deny leave if the amendment would be futile, that is, the added claims could not withstand a 12(b)(6) motion to dismiss. *See Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018).

As outlined by the Eighth Circuit in *Bailey v. Bayer Cropscience L.P.*, 563 F.3d 302 (8th Cir. 2009), there is an additional hurdle to amendment that Plaintiff must surmount to add claims against the nondiverse putative defendants. "When an action is removed from state to federal court, and 'after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court.'" *Id.* at 307 (quoting 28 U.S.C. § 1447(e)). This is a multistep inquiry. First, the Court analyzes whether joinder is required and feasible under Rule 19. *Id.* at 308. Second, the Court considers whether "justice" requires joinder and remand. *Id.* at 309.

## Discussion

Plaintiff argues that the Court should allow amendment, including the addition of the three nondiverse defendants (McGilvra-Rogers, Rathburn, and Epps). Plaintiff argues that once the Court does so, it must remand this case to state court. If the Court declines to amend, Plaintiff argues that this Court should invoke Missouri procedural rules to consolidate this case with the State Court Case and then remand. Plaintiff abandons this latter argument in his reply.

Since the standards for amendment differ slightly depending on whether the putative defendant's addition may defeat diversity, the Court addresses the putative claims against the nondiverse putative defendants (McGilvra-Rogers, Rathburn, and Epps) before turning to the putative claims against the diverse putative defendant (Kohler) and the Lowes Defendants.

4

### I. Plaintiff is denied leave to add McGilvra-Rogers, Rathburn, and Epps as defendants.

Plaintiff argues that McGilvra-Rogers, Rathburn, and Epps—the nondiverse putative defendants—should be added under the liberal pleading standards of Rule 15(a). The Lowes Defendants correctly note that this is not the standard that applies; rather, the standard outlined above from *Bailey* is what applies here, and Plaintiff cannot meet that standard. Plaintiff argues for the first time in reply that he meets this standard.

The Court holds that Plaintiff comes well short of meeting the standard set forth in *Bailey* for amendment. As for the first step under *Bailey*, Plaintiff has not shown that McGilvra-Rogers, Rathburn, and Epps meet the Rule 19 joinder standards. None of these putative defendants are "required" parties under Rule 19(a), as the Court can accord complete relief between Plaintiff and the Lowes Defendants on all claims without the putative defendants' presence and none of them claim an interest in this matter. *See* Fed. R. Civ. P. 19(a); *see also Dean v. Am. Honda Motor Co.*, No. 17-03069-CV-S-DPR, 2018 WL 910670, at *2 (W.D. Mo. Feb. 15, 2018). Even assuming they are "required" parties, they are not "indispensable" under Rule 19(b). As outlined below, none of the putative claims against the putative defendants are cognizable and, to the extent the putative defendants possess relevant information for the claims against the Lowes Defendants, Plaintiff can seek discovery on that without adding them as parties. So the current parties would not be prejudiced by the putative defendants' absence as parties, and a judgment entered in their absence would be adequate. *See* Fed. R. P. 19(b); *see also Bailey*, 563 F.3d at 308.

Moving to the second step of the *Bailey* analysis, "justice" does not require McGilvra-Rogers, Rathburn, and Epps to be joined and then for the case to be remanded. This step requires the Court to consider: "(1) the extent to which joinder of the nondiverse party is sought to defeat

5

federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; and (3) whether the plaintiff will be significantly injured if amendment is not allowed." *Bailey* 563 F.3d at 309 (internal quotation marks and alterations omitted). All these factors tip against amendment.

First, Plaintiff is transparently adding these putative defendants to defeat this Court's jurisdiction. All these defendants were named in the original complaint,[2] so Plaintiff knew about them well before moving to amend. And Plaintiff's objective of defeating the Court's jurisdiction is obvious from the face of his motion, as he actively argues that this case should be remanded to state court. Given this record, Plaintiff's motivation for joinder could not be clearer. *See Lindsey v. Dow Chem. Co.*, No. 4:21-CV-374-CDP, 2021 WL 4940934, at *4 (E.D. Mo. Oct. 22, 2021) (finding intent to defeat jurisdiction based on knowledge of claims before amending and timing of motion to amend and remand); *Shelton v. Akins*, No. 4:20-CV-198-HEA, 2020 WL 3605555, at *3 (E.D. Mo. July 2, 2020) (same); *Klotz v. Lowe's Home Centers, LLC*, No. 4:17-CV-282-CEJ, 2017 WL 1426022, at *2 (E.D. Mo. Apr. 21, 2017) (same).

Second, while a two-month delay between removal and seeking to amend does not seem to be dilatory on its face, a closer look reveals that it is. Plaintiff knew of the putative defendants' actions when he filed his original complaint, which is clear from the numerous allegations that relay their alleged misconduct. Despite knowing this information when he filed the original complaint, Plaintiff waited until two months after this case was removed before seeking to amend. Courts have found similar conduct to be dilatory. *See Shelton*, 2020 WL 3605555, at *3.

---

[2] Plaintiff argues that he did not know Edwin Rathburn's full name when he filed the original complaint, which is why he only referred to him as "Ed" there. But this is no basis for amendment. Plaintiff knew of "Ed's" conduct, which is clear from the numerous references to him throughout the original complaint. Even if he did not know his full name, he could have simply sued him as a "John Doe."

6

Finally, Plaintiff will not be prejudiced by the Court denying the amendment, as the putative claims are not viable against these putative defendants. There is no individual liability against supervisors or fellow employees under the MHRA, the Workers' Compensation Law, or the Service Letter Law. Mo. Rev. Stat. § 213.010(8)(c) (MHRA); Mo. Rev. Stat §§ 287.030.1, 287.780 (Workers' Compensation); *Brink's, Inc. v. Hoyt*, 179 F.2d 355, 359 (8th Cir. 1950) (Missouri Service Letter Law). And the defamation and false light claims are barred by res judicata, as those exact same claims were dismissed with prejudice in the State Court Case. *See Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019). Indeed, Plaintiff does not even contest the res judicata point.

The Court holds that McGilvra-Rogers, Rathburn, and Epps are not required or indispensable parties and that "justice" does not require their joinder and the case's remand.

**II.     Plaintiff is denied leave to add Kohler as a defendant.**

Plaintiff also seeks to add Kohler as a defendant to most of the current claims (Counts I-VI) as well as the putative claims (Counts IX-XI). Since Kohler's addition would not defeat diversity, the Court resorts to the Rule 15(a) liberal amendment analysis. But even under that standard, leave to amend must be denied as futile. *See Munro* 899 F.3d at 593. There is no individual liability under the MHRA, Workers' Compensation Law, or the Service Letter Law. *See infra*, Section I. And the defamation and false light claims are foreclosed by res judicata. *Id.*

**III.    Plaintiff is denied leave to add Counts IX–XI against the Lowes Defendants.**

Plaintiff also seeks to add the Workers' Compensation Law retaliation (Count IX), defamation (Count X), and false light (Count XI) claims that it has already pursued in the State Court Case. Like the claims against Kohler, however, these claims also fit within the exceptions

7

to the liberal pleading standard. Amending to add the defamation and false light claims against the Lowes Defendants is futile, as those claims are barred by res judicata. *See infra*, Section I.

Plaintiff's request to add the Workers' Compensation Law retaliation claim fails for undue delay, bad faith, and undue prejudice. *See Bailey*, 563 F.3d at 307. Plaintiff could have brought that claim against the Lowes Defendants in his original complaint, but he waited until two months after removal to move to amend here. And Plaintiff *chose* to split his claims between the State Court Case and this case by first bringing that exact same claim in the State Court Case. The motivation of this splitting was to defeat this Court's jurisdiction by attempting to consolidate the State Court Action with this case and to force the Lowes Defendants to fight a two-front battle. By allowing Plaintiff to amend now to add the workers' compensation retaliation claim, the Court would be condoning Plaintiff's dilatory, bad faith, and prejudicial conduct. And Plaintiff is not without a remedy, as he may continue to pursue the claim in the State Court Case.

## Conclusion

For the foregoing reasons, Plaintiff's motion to amend and remand is DENIED.

**IT IS SO ORDERED.**

Dated: April 21, 2022 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT