# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DANIEL BOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-00417-DGK |
| LOWE'S COMPANIES, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER GRANTING MOTION TO AMEND THE SCHEDULING ORDER AND DIRECTING PARTIES TO MEET AND CONFER ON DISCOVERY ISSUE

This is an employment discrimination case. Plaintiff Daniel Boyd worked for Defendants Lowe's Companies, Inc. and Lowe's Home Centers, LLC as a delivery driver. Plaintiff alleges that Defendants took adverse employment actions against him due to his religion, age, and disability. Plaintiff filed an eight-count lawsuit against them in the Circuit Court of Jackson County, Missouri, asserting claims under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055, *et seq.*, and the Missouri Service Letter Law, Mo. Rev. Stat. § 290.140. Defendants removed to this Court. ECF No. 1.

Now before the Court is Plaintiff's motion to amend the scheduling order. ECF No. 42. Defendants are also seeking a discovery dispute teleconference. For the reasons discussed below, Plaintiff's motion to amend the scheduling order is GRANTED and the parties are ORDERED to meet and confer in good faith on the Rule 30(b)(6) deposition issues by July 25, 2022.

## Procedural Background

On May 5, 2021, Plaintiff filed the instant case in the Circuit Court of Jackson County, Missouri. On June 16, 2021, Defendants removed to this Court. At the time of removal, Plaintiff

was represented solely by Mr. Brandon Burkhart of Burkhart Law Group, LLC ("Burkhart Law"). On October 19, 2021, the Court entered a scheduling order that set the discovery deadline as April 22, 2022.

Between the removal of the case and March 2022, the parties engaged in minimal discovery. Based on the limited information provided by the parties, it appears that Plaintiff served requests for production in June 2021 and Defendants served requests for production in July 2021. Each side served responses and objections, but it is unclear whether and when documents were produced. It does not appear that the parties conducted any depositions between removal and March 2022.

On January 27, 2022, Mr. Burkhart underwent a heart transplant surgery. Right before undergoing the procedure, Mr. Burkhart asked his then-associate Mr. Kyle Murphy to enter an appearance in this case. Mr. Murphy entered his appearance on February 3, 2022. Before entering his appearance, Mr. Murphy had no involvement in this case. On February 11, 2022, Mr. Burkhart tragically passed away.

Upon Mr. Burkhart's passing, Mr. Murphy and another associate at Burkhart Law were thrust into the position of having to wind down the firm, make accommodations for all the outstanding cases and clients, and create a new law firm. In early March 2022, Mr. Murphy and the other associate at Burkhart Law formed their own firm. Around this same time, Plaintiff officially retained Mr. Murphy to represent him. From early March 2022 until May or June 2022, Mr. Murphy worked to get his firm up and running. This included setting up bank accounts, obtaining lines of credit, purchasing insurance, attempting to retain Burkhart Law's former clients

who were left without an attorney following Mr. Burkhart's sudden passing, hire staff, transfer client files, and get up-to-speed on Mr. Burkhart's various cases.

On April 8, 2022, Plaintiff filed an unopposed motion to extend the discovery deadline to June 21, 2022. Between the entry of Mr. Murphy's appearance and the June 2022 discovery deadline, Plaintiff supplemented discovery responses, engaged in the discovery meet and confer process, briefed various discovery issues, sat for a deposition, and deposed at least three witnesses. Near the end of the discovery period, Plaintiff also served a Rule 30(b)(6) deposition notice on Defendants. But the deposition did not occur before the end of the discovery period due to a dispute over the scope of the notice.

## Standard

To amend the scheduling order, Plaintiff must establish "good cause." Fed. R. Civ. P. 16(b)(4). The inquiry of "good cause" under this rule focuses upon Plaintiff's "diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). If Plaintiff shows diligence, the Court then considers any prejudice that Defendants might suffer from the amendment. *See id.* at 717.

The local rules also impose additional requirements for amending a scheduling order. In relevant part, the local rules require the motion to describe the remaining discovery, including the "names of each remaining deponent and the date, time, and place of each remaining deposition." Local Rule 16.3(a)(2).

## Discussion

Plaintiff argues that the Court should grant him an additional two months to conduct discovery and move the remaining deadlines proportionally. Defendants have also raised a

discovery dispute regarding the scope of Plaintiff's 30(b)(6) notice. The Court addresses the amendment issue before turning to the discovery dispute.

I. **Plaintiff has established good cause and satisfied the local rules for amending the scheduling order.**

Plaintiff argues that good cause to amend exists given Mr. Burkhart's tragic passing and the resultant time-intensive administrative issues that precluded Mr. Murphy from completing all discovery before the June 2022 deadline. Defendants counter that the Court should deny the motion because: (1) Plaintiff fails to specifically describe the remaining depositions and discovery as required under the local rules; and (2) Plaintiff has failed to establish "good cause" to extend the discovery deadline.

As an initial matter, the Court finds that Plaintiff has complied with the local rules. Plaintiff stated that the remaining discovery is the outstanding requests for production and the Rule 30(b)(6) deposition of Defendants. Although Plaintiff did not state the exact date and time of the Rule 30(b)(6) deposition, this is because it was never fully scheduled given the dispute over the scope of the notice. The Court finds that Plaintiff has adequately complied with Local Rule 16.3(a)(2) by describing the remaining deposition and outstanding discovery.

Turning to the remaining issue for amendment, the Court finds good cause for the limited discovery extension that Plaintiff seeks. *See Sherman*, 532 F.3d at 716–17. Plaintiff and his current counsel have been diligent in attempting to meet the discovery deadline given the extraordinary circumstances here. Due to Mr. Burkhart's tragic and sudden passing, Plaintiff was left without an attorney who was familiar with his case. It understandably took Mr. Murphy several months to wind down Burkhart Law, acquire the clients, get an entirely new firm established, and get up-to-speed on Plaintiff's case as well as all the others that he unexpectedly

4

acquired. Although Defendants attempt to downplay the burden of these administrative tasks, they are unquestionably time and resource intensive. And despite these administrative tasks and the great increase in his caseload, Mr. Murphy was still able to meet and confer over discovery, draft briefs, take numerous depositions, defend depositions, and begin the Rule 30(b)(6) deposition process in this case. This is sufficient to meet the diligence requirement in these extraordinary circumstances.

The Court also finds that Defendants will suffer minimal, if any, prejudice from the limited extension. Plaintiff only seeks to take a Rule 30(b)(6) deposition, and wrap-up the meet and confer process on the already-served requests for production. While Rule 30(b)(6) depositions are time and resource intensive, they are common in employment cases involving corporate defendants. So it is neither an unexpected nor unnecessary expense. And there should only be minimal additional expenses from concluding the meet and confer process over the outstanding requests for production.

In sum, good cause exists for a limited two-month discovery extension as well as a short extension of the contingent case deadlines. The Court, however, notes that Plaintiff's discovery in this period is limited to what he outlined in his motion, namely, negotiating and conducting the Rule 30(b)(6) deposition of Defendants and concluding the meet and confer process on the requests for production. The Court will establish the amended deadlines in a separate order.

**II.     The parties are ordered to meet and confer on Plaintiff's Rule 30(b)(6) notice**.

Defendants notified the Court via email that there is a discovery dispute regarding the scope of Plaintiff's Rule 30(b)(6) notice. Based on the parties' description in their emails, it appears that the issue would benefit from a more thorough meet and confer process. The parties seemed

5

Case 4:21-cv-00417-DGK   Document 50   Filed 07/19/22   Page 5 of 6

to have rushed through the initial meet and confer process given the impending deadlines for discovery and discovery motions. Now that those deadlines have been extended, the Court believes that an additional meet and confer between the parties will remedy most, if not all, of the disputes between the parties on this issue.

The parties are ORDERED to confer in good faith on the scope of the Rule 30(b)(6) notice on or before July 25, 2022. If they are unable to resolve their disputes, then they can raise the issues with the Court.

## Conclusion

For the foregoing reasons, Plaintiff's motion to amend the scheduling order is GRANTED and the parties are ORDERED to meet and confer in good faith on Plaintiff's Rule 30(b)(6) notice by July 25, 2022.

**IT IS SO ORDERED.**

Dated: July 19, 2022                         /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                       UNITED STATES DISTRICT COURT